## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**JEFFREY JASSBY**                                            **PLAINTIFF**

**v.**                                 **Civil No. 1:13-cv-336-HSO-RHW**

**SCOTTSDALE INSURANCE COMPANY**                **DEFENDANT**

## <u>ORDER DENYING PLAINTIFF'S MOTION [9] TO COMPEL APPRAISAL AND APPOINT UMPIRE AND DENYING PLAINTIFF'S MOTION [11] TO STAY LITIGATION PENDING OUTCOME OF APPRAISAL</u>

BEFORE THE COURT are two Motions filed by Plaintiff Jeffrey Jassby: (1) Plaintiff's Motion [9] to Compel Appraisal and Appoint Umpire; and (2) Plaintiff's Motion [11] to Stay Litigation Pending Outcome of Appraisal.  The Motions have been fully briefed.  After consideration of the parties' submissions, the record, and relevant legal authorities, the Court finds that both of Plaintiff's Motions should be denied.

Plaintiff alleges that his home in Diamondhead, Mississippi, suffered wind damage as a result of Hurricane Isaac in 2012.  According to Plaintiff, "[t]he storm's winds caused openings in the roof and windows of his three-story home, allowing rainwater to enter and soak the interiors and contents of his beautiful home all the way down to the floor."  Pl.'s Mem. [10] 1.  Plaintiff submitted a claim for property damage to Defendant Scottsdale Insurance Company, his homeowner's insurance carrier.  Defendant maintains that its "inspection and adjustment of the claim, through an adjuster and a retained engineer, found only minor, covered wind damage to the property.  Scottsdale issued payment to the insured based on its adjustment of the claim in the amount of $11,144.64."  Def.'s Resp. [13] 2.  Plaintiff

disagreed with Defendant's evaluation of the loss and damage and demanded an appraisal, as allowed by the homeowner's policy at issue.  Pl.'s Mem. [10] 1. Plaintiff submits that Defendant and he each chose an appraiser, but the appraisers could not agree to an umpire.  Pl.'s Mot. [9] 1.  Plaintiff then filed this suit on July 22, 2013, in the Circuit Court of Hancock County, Mississippi, which Defendant removed to this Court.  Pl.'s Compl. [1-1] 2; Def.'s Not. of Removal [1].  Plaintiff's Complaint requests a declaration that Defendant "must have the amount of loss determined by the appraisal process" and also advances claims for breach of contract and bad faith.  *Id.* at 7-8.

Plaintiff contends that Defendant owes more under the homeowner's policy than the $11,144.64 tendered because

> the winds of Hurricane Isaac . . . caused much more damage to the Jassby home that [sic] Crocker[, Defendant's adjustor,] had estimated.  For example, in addition to other damage, Jassby pointed out that the high winds, which blasted the home for many hours, had damaged the seals in the windows, and numerous windows had fogged and streaked as a result of Hurricane Issac.

Pl.'s Compl. [1-1] 4.  Defendant asserts that appraisal is inappropriate because this case involves coverage and causation issues and is not simply a dispute about the value of an admittedly covered loss.  Def.'s Resp. [13] 6.

It appears from the limited record and information provided that the primary dispute between the parties is the cause of the alleged property damage to Plaintiff's home.  Defendant maintains that a covered peril caused only minor property damage to Plaintiff's home, while Plaintiff argues that a covered peril

caused significant damage to his home.  This presents a coverage issue, as opposed to only a valuation issue.

The purpose of an appraisal provision in a property insurance policy is not to determine the cause of the loss.  *Munn v. Nat'l Fire Ins. Co. of Hartford,* 115 So. 2d 54, 646-51 (Miss. 1959); *see Pearl River Co. Sch. Dist. v. RSUI Indem. Co.,* No. 1:08-cv-364-HSO-JMR, 2009 WL 2553267, *1 (S.D. Miss. Aug. 17, 2009); *Jefferson Davis Co. Sch. Dist. v. RSUI Indem. Co.,* No. 2:08-cv-190-KS-MTP, 2009 WL 367688, *2 (S.D. Miss. Feb. 11, 2009).  An appraiser's power is limited to determining the money value of property.  *Munn,* 115 So. 2d at 646-47.  Plaintiff has not demonstrated that compelling an appraisal is proper under the circumstances. Plaintiff's Motion [9] to Compel Appraisal and Appoint Umpire should be denied, and Plaintiff's Motion [11] to Stay Litigation Pending Outcome of Appraisal should be denied as moot.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's Motion [9] to Compel Appraisal and Appoint Umpire is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Motion [11] to Stay Litigation Pending Outcome of Appraisal is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 30th day of July, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE